United States District Court
District of Massachusetts

```
_____
                               )
DANIEL MCINTOSH,               )
        Plaintiff,             )
                               )
        v.                     )   Civil Case No.
                               )   11-11182-NMG
LOCAL 33 UNITED ROOFERS,       )
WATERPROOFERS AND ALLIED       )
WORKERS, PAUL BICKFORD, BRIAN  )
RUSSO and MIKE FOLEY,          )
        Defendants.            )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiff Daniel McIntosh alleges that the Local 33 United Roofers, Waterproofers and Allied Workers ("the Union") and Paul Bickford, Brian Russo and Mike Foley (collectively, "defendants") breached the duty of fair representation they owed him under the National Labor Relations Act ("NLRA"), 29 U.S.C. § 151 et seq. He asserts, in essence, that the Union did not make a good-faith effort to find him work and bullied him over the course of his membership. He also brings state-law claims for breach of contract, fraud, slander and negligence.

Defendants assert that plaintiff's fair representation claim is barred by the statute of limitations and should be dismissed. They also maintain that discrimination claims arising under the Americans with Disabilities Act ("ADA") or Title VII of the Civil

-1-

Rights Act ("Title VII"), if any, are foreclosed by plaintiff's failure to file a complaint with the Equal Employment Opportunity Commission.  In response, plaintiff maintains that he has a colorable federal fair representation claim and clarifies that it is the sole federal claim he chooses to assert at this time.

The six-month statute of limitations set forth in Section 10(b) of the NLRA governs plaintiff's fair representation claim. See Adorno v. Crowley Towing And Transp. Co., 443 F.3d 122, 126 (1st Cir. 2006).  Because the underlying conduct is alleged to have occurred between February 2006 and July 2009, and the Complaint was not filed until July 2011, plaintiff's fair representation claim is time barred.  Plaintiff's half-hearted response that the defendants fraudulently concealed the cause of action is belied by plaintiff's own allegations.

Plaintiff's fair representation claim will therefore be dismissed.  Because it is the sole federal claim asserted and there is no diversity of citizenship between the parties, this Court lacks subject-matter jurisdiction to entertain the pendant state-law claims for breach of contract, fraud, slander and negligence.  Those claims will be dismissed without prejudice.

**ORDER**

In accordance with the foregoing,

1) defendants' motion to dismiss (Docket No. 13) is **ALLOWED;** and

2) the Complaint (Docket No. 1) and Amended Complaint (Docket No. 8) are **DISMISSED.**

**So ordered.**

/s/ Nathaniel M. Gorton  
Nathaniel M. Gorton  
United States District Judge

Dated August 2, 2012